UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | : 08-32247 (ASD) |
| | ) | | |
| KEVIN CLARK, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTOR. | ) | DOC. I.D. NOS. | 24, 31 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 08-32140 (ASD) |
| | ) | | |
| SARAH K. PANNONE, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTOR. | ) | DOC. I.D. NOS. | 18, 23 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 08-31509 (LMW) |
| | ) | | |
| JOHN R. SEMBER, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTOR. | ) | DOC. I.D. NOS. | 26, 27, 30, 37 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 08-31932 (LMW) |
| | ) | | |
| THERESA VALENTI, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTOR. | ) | DOC. I.D. NOS. | 17, 27, 30 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 08-32346 (LMW) |
| | ) | | |
| NEAL KARKER and KAREN KARKER, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTORS. | ) | DOC. I.D. NOS. | 40, 41 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

### Case No. 08-32247 (ASD) (the "Clark Case")

Joel M. Grafstein, Esq.                    Attorney for Debtor
Grafstein & Associates
10 Melrose Drive
Farmington, CT 06032

### Case No. 08-32140 (ASD) (the "Pannone Case")

Neil Crane, Esq.                           Attorneys for Debtor
Stuart H. Caplan, Esq.
Law Offices of Neil Crane, LLC
2700 Whitney Avenue
Hamden, CT 06518

Martin A. Mooney, Esq.                     Attorney for Creditor DaimlerChrysler
c/o Keith K. Fuller, Esq.                  Financial Services Americas, LLC
Law Offices of Keith K. Fuller
141 Hazard Avenue
Enfield, CT 06082

### Case No. 08-31509 (LMW) (the "Sember Case")

John R. Sember                             *Pro Se* Debtor
334 Fairlea Road
Orange, CT 06477

### Case No. 08-31932 (LMW) (the "Valenti Case")

Neil Crane, Esq.                           Attorneys for Debtor
Stuart H. Caplan, Esq.
Law Offices of Neil Crane, LLC
2700 Whitney Avenue
Hamden, CT 06518

Patrick J. Rosenberger, Esq.               Attorney for TD Bank, N.A.
Shimkus, Murphy & Rosenberger, P.C.
382 New Britain Avenue
Hartford, CT 06106

### Case No. 08-32346 (LMW) (the "Karker Case")

Joseph P. Rigoglioso, Esq.                 Attorney for Debtor
375 Coram Avenue
Shelton, CT 06484

-2-

## MEMORANDUM OF DECISION RE: VARIOUS REAFFIRMATION AGREEMENTS
## FILED (OR HEARD) AFTER ENTRY OF DISCHARGE

Lorraine Murphy Weil, United States Bankruptcy Judge

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")
added Sections 362(h)(1), 521(a)(6) and 521(d) to the Bankruptcy Code and revised Bankruptcy
Code § 521(a)(2). The implications of those changes on secured loans against personal property are
not entirely clear. *See, e.g., Coastal Federal Credit Union v. Hardiman,* 398 B.R. 161 (E.D.N.C.
2008).[1] The foregoing uncertainty, coupled with current economic conditions, has caused a
substantial increase in the number of debtors seeking to reaffirm secured automobile loans. As can
be determined by this opinion, it is not an infrequent occurrence that the reaffirmation agreement is
not filed until after discharge has entered.[2] The purpose of this opinion is to address the recurring
issue of reaffirmation agreements filed in chapter 7 cases after entry of discharge in light of this
court's opinion in *In re Lemoine,* 384 B.R. 48 (Bankr. D. Conn. 2008). This court has jurisdiction
over these matters as core proceedings pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and that certain
order dated September 21, 1984 of this District (Daly, C.J.).[3]

---

[1]    To the extent that *In re Caraballo,* 386 B.R. 398 (Bankr. D. Conn. 2008), gives the
impression that this court deems the question to be settled, that impression is erroneous.

[2]    The issue addressed in this opinion sometimes is presented by a proposed
reaffirmation of a real estate mortgage, but with much less frequency.

[3]    That order referred to the "Bankruptcy Judges for this District" *inter alia* "all
proceedings arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . . ."

## I.   BACKGROUND

### A.   Kevin Clark

A discharge (Clark Case Doc. I.D. No. 21) pursuant to 11 U.S.C. § 727 was entered in the Clark Case on October 7, 2008. On October 8, 2008 Kevin Clark (the "Clark Debtor") and Sovereign Bank ("Sovereign") permitted and/or caused to be filed with this court that certain "Reaffirmation Agreement" with respect to a certain motor vehicle, a copy of which agreement appears on the docket of the Clark Case as Doc. I.D. No. 24 (the "Clark Reaffirmation Agreement").

Pursuant to 11 U.S.C. § 524(m)(1), a "presumption of undue hardship" (the "Presumption") arose on the filing of the Clark Reaffirmation Agreement. Moreover, there was no debtor's "attorney certification" (*see* 11 U.S.C. § 524(k)(5), an "Attorney Certification") filed with the Clark Reaffirmation Agreement. Accordingly, the Clark Reaffirmation Agreement was scheduled for a hearing (the "Clark Hearing") on November 25, 2008. (*See* Clark Case Doc. I.D. No. 29.) In addition, an Order To Show Cause Why Reaffirmation Agreement Should Not Be Stricken from the Record as Untimely Filed (because filed after entry of discharge)[4] (*see* Clark Case Doc. I.D. No. 31, the "Clark Show Cause Order") was issued, with a hearing thereon scheduled contemporaneously with the Clark Hearing on notice to both the Clark Debtor and Sovereign. The Clark Show Cause Order noted that "[t]he parties have failed to comply with [former] Rule 4008 of the Federal Rules of Bankruptcy Procedure in that the time period [the "Former Rule 4008 Deadline"[5]] for a hearing imposed by that Rule expired on November 6, 2008." (Clark Show Cause Order at 2 n.1.)

---

[4]      hereafter, a "Show Cause Order"

[5]      The Former Rule 4008 Deadline is discussed below.

-4-

The Clark Hearing was convened as scheduled. *(See* Oral Record of 11/25/08 hearing at
3:02:01 *et seq.)* The Clark Debtor appeared (both personally and through counsel)[6] but Sovereign
did not. *(See id.)* The Clark Debtor testified at the Clark Hearing. That testimony rebutted the
Presumption and persuaded the court that the Clark Reaffirmation Agreement otherwise would be
in the "best interest of the . . . [Clark Debtor]" (the "Best Interest Test"), all as required by
Bankruptcy Code § 524(c)(6) (the "Section 524(c)(6) Requirements"). At the conclusion of the
Clark Hearing, the court made those findings/conclusions but took the matter (including the Clark
Show Cause Order) under advisement to consider the timeliness issues addressed by this opinion.

## B.     Sarah K. Pannone

A discharge (Pannone Case Doc. I.D. No. 16) pursuant to 11 U.S.C. § 727 was entered in the
Pannone Case on October 7, 2008. On October 16, 2008 Sarah K. Pannone (the "Pannone Debtor")
and DaimlerChrysler Financial Services Americas LLC ("Daimler") permitted and/or caused to be
filed with this court that certain "Reaffirmation Agreement" in respect of a certain motor vehicle,
a copy of which agreement appears on the docket of the Pannone Case as Case Doc. I.D. No. 18 (the
"Pannone Reaffirmation Agreement").

The Presumption arose on the filing of the Pannone Reaffirmation Agreement. Moreover,
there was no Attorney Certification filed with the Pannone Reaffirmation Agreement. Accordingly,
the Pannone Reaffirmation Agreement was scheduled for a hearing (the "Pannone Hearing") on
November 25, 2008. *(See* Pannone Case Doc. I.D. No. 21.) In addition, a Show Cause Order was
issued *(see* Pannone Case Doc. I.D. No. 23, the "Pannone Show Cause Order"), with a hearing

---

⁶       It is not uncommon for a reaffirmation to lack an Attorney Certification even though
the debtor is represented by counsel in the case and may even have the assistance of counsel at the
reaffirmation hearing.

thereon scheduled contemporaneously with the Pannone Hearing on notice to the Pannone Debtor

and Daimler. The Pannone Show Cause Order noted that: "The [Former] Rule 4008 [Deadline] .

. . hereby is extended through the date of . . . [the Pannone Hearing] for the convenience of the

court." (Pannone Show Cause Order at 1-2.)

The Pannone Hearing was convened as scheduled. (*See* Oral Record of 11/25/08 hearing at

2:50:25 *et seq.*) The Pannone Debtor appeared (both personally and through counsel) and Daimler

also appeared through counsel. (*See id.*) The Pannone Debtor testified at the Pannone Hearing. (*See*

*id.*) That testimony rebutted the Presumption and otherwise persuaded the court that the Section

524(c)(6) Requirements had been satisfied. At the conclusion of the Pannone Hearing, the court

made the requisite findings/conclusions but took the matter (including the Pannone Show Cause

Order) under advisement to consider the timeliness issues addressed by this opinion.

## C.    John R. Sember

On August 8, 2008, the above-captioned debtor (the "Sember Debtor") and Hyundai Motor

Finance Company ("Hyundai") permitted and/or caused to be filed with this court that certain

"Reaffirmation Agreement" with respect to a certain motor vehicle, a copy of which agreement

appears on the docket of the Sember Case as Doc. I.D. No. 26 (the "Sember Reaffirmation

Agreement"). The Presumption did not arise on the filing of the Sember Reaffirmation Agreement.

However, because there was no Attorney Certification for the Sember Reaffirmation Agreement, the

Sember Reaffirmation Agreement was scheduled for a hearing on September 30, 2008, at which

hearing the Sember Debtor did not appear. Consequently, on October 1, 2008, the Sember

Reaffirmation Agreement was disapproved for failure to prosecute (*see* Sember Case Doc. I.D.

No. 30, the " Sember Denial Order"). On October 2, 2008, an order (Sember Case Doc. I.D. No. 32)

of discharge pursuant to 11 U.S.C. § 727 was entered in the Sember Case.

On October 7, 2008 the Sember Debtor filed a letter with the clerk's office which stated in

relevant part:

> When I had received the original notice of the . . . [hearing] on 9/30/08 at 2:00 PM,
> I had asked an attorney friend if I needed to be present. He stated that I did not due
> to the fact that I had signed and agreed to the reaffirmation of the debt to Hyundai .
> . . . After speaking with the Clerk of Court today, I was told because I filed Pro Se,
> I needed to appear.
>
> Is there anything I/we can do to have the Reaffirmation Agreement . . . allowed?

(Sember Case Doc. I.D. No. 37, the "Sember Motion To Vacate.") Pursuant to an order dated

October 9, 2008, the court construed the Sember Motion To Vacate as a motion to vacate the Sember

Denial Order and to grant relief from the discharge to the extent necessary to permit the court to

consider the Sember Reaffirmation Agreement. That order also set the Sember Motion To Vacate

down for an evidentiary hearing (with notice to Hyundai) for October 28, 2008 (the "Sember

Hearing").

The Sember Hearing was convened as scheduled.[7] *(See* Oral Record of 10/28/08 hearing at

2:17:35 *et seq.)* At that hearing, the Sember Debtor (who is entirely *pro se* in the Sember Case)

appeared but Hyundai did not. *(See id.)* The Sember Debtor testified and persuaded the court that

the Section 524(c)(6) Requirements had been satisfied *(see id.)*, and the court made those findings/

conclusions on the record *(see id.)* However, the court took the matter (including the Sember Motion

To Vacate) under advisement to consider the timeliness issues addressed by this opinion.

---

[7]     Accordingly, the Former Rule 4008 Deadline (which would have expired on
November 1, 2008) was met.

## D.    Theresa Valenti

A discharge (Valenti Case Doc. I.D. No. 15) pursuant to 11 U.S.C. § 727 was entered in the Valenti Case on September 16, 2008. On September 23, 2008 Theresa Valenti (the "Valenti Debtor") and TD Bank, N.A. ("TD Bank") permitted and/or caused to be filed with this court that certain "Reaffirmation Agreement" with respect to a certain motor vehicle, a copy of which agreement appears on the docket of this case as Valenti Case Doc. I.D. No. 17 (the "Valenti Reaffirmation Agreement").

The Presumption arose on the filing of the Valenti Reaffirmation Agreement. Moreover, there was no Attorney Certification filed with the Valenti Reaffirmation Agreement. Accordingly, a hearing would have been required on the Valenti Reaffirmation Agreement in any event. An Order To Show Cause was issued (*see* Valenti Case Doc. I.D. No. 18), with a hearing scheduled on October 22, 2008. A Second Order To Show Cause was issued (*see* Valenti Case Doc. I.D. No. 27, the "Valenti Show Cause Order"), with a hearing scheduled on October 16, 2008 and then continued to October 27, 2008 (the "Valenti Hearing") on notice to the Valenti Debtor and TD Bank.[8]

The Valenti Hearing was convened as scheduled. (*See* Oral Record for 10/27/08 hearing at 12:42:56 *et seq.*) The Valenti Debtor appeared personally and was assisted by counsel; TD Bank appeared through counsel. (*See id.*) Through her testimony, the Valenti Debtor rebutted the Presumption and otherwise persuaded the court that the Section 524(c)(6) Requirements had been

---

[8]    The Valenti Show Cause Order mooted the prior Show Cause Order. The earlier scheduling of the hearing on the Valenti Show Cause Order was at the behest of TD Bank out of concern for the Former Rule 4008 Deadline. TD Bank also filed a Motion for Relief from Discharge To Permit Filing of Untimely Filed Reaffirmation Agreement. (*See* Valenti Case Doc. I.D. No. 30, the "Valenti Motion for Relief".) The Former Rule 4008 Deadline was extended by the court through the date of the Valenti Hearing. (*See* Valenti Case Docket Entries for 10/16/2008 and 10/22/2008.)

satisfied. (*See id.*) The court made the required findings/conclusions but took the matter (including the Valenti Show Cause Order and the Valenti Motion for Relief) under advisement to consider the timeliness issues addressed by this opinion. (*See id.*)

## E.     Neal Karker and Karen Karker

A discharge (Karker Case Doc. I.D. No. 38) pursuant to 11 U.S.C. § 727 was entered in the Karker Case on October 21, 2008. On October 31, 2008, Neal Karker[9] (the "Karker Debtor") and Sovereign permitted and/or caused to be filed with this court that certain "Reaffirmation Agreement" with respect to a certain motor vehicle, a copy of which agreement appears on the docket of this case as Karker Case Doc. I.D. No. 40 (the "Karker Reaffirmation Agreement").

The Presumption did not arise on the filing of the Karker Reaffirmation Agreement. Moreover, there was an Attorney Certification filed with the Karker Reaffirmation Agreement. Nevertheless, a Show Cause Order (Karker Case Doc. I.D. No. 41, the "Karker Show Cause Order") was issued, with a hearing (the "Karker Hearing") thereon scheduled for December 3, 2008. The Karker Show Cause Order noted that "[t]he [Former] Rule 4008 [Deadline] . . . hereby is extended through the date of hearing." (Karker Show Cause Order at 2.)

The Karker Hearing was convened as scheduled. (*See* Oral Record of 12/3/08 hearing at 10:35:54 *et seq.*) The Karker Debtor appeared through counsel who advised the court that the debtors wanted to prosecute the Karker Reaffirmation Agreement. (*See id.*) Sovereign did not appear. The court took the Karker Show Cause Order under advisement to consider the timeliness issues addressed by this opinion. (*See id.*)

---

[9]      The Debtor Karen Karker is not a party to the Karker Reaffirmation Agreement (as defined below).

-9-

## II.    RELEVANT LAW

### A.    Bankruptcy Code § 524 (Relevant Reaffirmation Provisions)

Section 524 governs "reaffirmation agreements"[10] and provides in pertinent part as follows:

(c)  An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if–

(1)  such agreement was made before the granting of the discharge under section 727 . . . of this title;

(2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that–

(A) such agreement represents a fully informed and voluntary agreement by the debtor;

(B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and

(C) the attorney fully advised the debtor of the legal effect and consequences of–

(i) an agreement of the kind specified in this subsection; and

(ii) any default under such an agreement;

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(5) the provisions of subsection (d) of this section have been complied with; and

(6)  (A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as–

(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor.

(B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

---

[10]     A "reaffirmation agreement" is "an agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under . . . title [11] . . . ." 11 U.S.C.A. § 524(c) (West 2009).

(d)  In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727 . . . of this title, the court may hold a hearing at which the debtor shall appear in person. At any such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section and was not represented by an attorney during the course of negotiating such agreement, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing the court shall–

(1) inform the debtor–

(A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and

(B) of the legal effect and consequences of–

(i) an agreement of the kind specified in subsection (c) of this section; and

(ii) a default under such an agreement; and

(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection(c)(6) of this section, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.

. . .

(m) (1)  Until 60 days after an agreement of the kind specified in subsection (c) is filed with the court (or such additional period as the court, after notice and a hearing and for cause, orders before the expiration of such period), it shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under subsection (k)(6)(A) is less than the scheduled payments on the reaffirmed debt. This presumption shall be reviewed by the court. The presumption may be rebutted in writing by the debtor if the statement includes an explanation that identifies additional sources of funds to make the payments as agreed upon under the terms of such agreement. If the presumption is not rebutted to the satisfaction of the court, the court may disapprove such agreement. No agreement shall be disapproved without notice and a hearing to the debtor and creditor and such hearing shall be concluded before the entry of the debtor's discharge.

(2) This subsection does not apply to reaffirmation agreements where the creditor is a credit union . . . .

11 U.S.C. § 524 (West 2009).[11]

## B.   Rule 4008

Former Rule 4008 provides in pertinent part as follows:

> Not more than 30 days following the entry of an order granting or denying a
> discharge . . . and on not less than 10 days notice to the debtor and the trustee, the
> court may hold a hearing as provided in § 524(d) of the Code . . . .

Fed. R. Bankr. P. 4008 (West 2008).

Amended Rule 4008 provides as follows:

> **(a) Filing of Reaffirmation Agreement.** A reaffirmation agreement shall be filed
> no later than 60 days after the first date set for the meeting of creditors under § 341(a)
> of the Code. The court may, at any time and in its discretion, enlarge the time to file
> a reaffirmation agreement.
>
> **(b) Statement in Support of Reaffirmation Agreement.** The debtor's statement
> required under § 524(k)(6)(A) of the Code shall be accompanied by a statement of
> the total income and expenses stated on schedules I and J. If there is a difference
> between the total income and expenses stated on those schedules and the statement
> required under § 524(k)(6)(A), the statement required by this subdivision shall
> include an explanation of the difference.

Fed. R. Bankr. P. 4008 (West 2009) (as amended effective December 1, 2008). This opinion does

not address issues raised by amended Rule 4008.[12]

---

[11]    Because Section 524(k) is not implicated directly in the analysis herein, the court will
not set forth that very lengthy subsection here.

[12]    This opinion also does not address the issue that arises when a reaffirmation
agreement is "made" after entry of discharge contrary to Bankruptcy Code § 524(c)(1). *Cf. In re
Rafferty*, No. 08-30980 (LMW), 2008 WL 5545266 (Bankr. D. Conn. Dec. 23, 2008) (holding that
Fed. R. Civ. P. 60(b) cannot be used to validate reaffirmation agreement "made" after entry of
discharge); *In re Collins*, 243 B.R. 217 (Bankr. D. Conn. 2000) (striking reaffirmation agreement
from record because it was "made" after entry of discharge).

-12-

## C.    Necessity of Hearing or Other Court Action

Under the Bankruptcy Code (as amended by BAPCPA) a reaffirmation agreement is enforceable only if it is in writing and satisfies certain other statutory requirements.[13] *See* 4 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 524.04[1] (15 ed. rev. 2008) ("*Collier*"). Court action with respect to a reaffirmation agreement is required only in certain circumstances. For example, if the Presumption does not arise in connection with the agreement (either because of positive cash flow or because the creditor is a "credit union," *see* 11 U.S.C. § 524(m)(2)), and an Attorney Certification is filed with the agreement, no court action is required. *See Collier* ¶ 524.04[2]. Similarly, if the relevant debt is a consumer debt fully secured by real property, no court action may be required. *See* 11 U.S.C. § 524(c)(6)(B).[14] However, if an Attorney Certification is not filed with the agreement, a hearing always is required at which the debtor is required to appear personally. *See* 11 U.S.C. § 524(d); *Collier* ¶ 524.04[2], at 524-39.[15] *But cf.* David B. Wheeler &

---

[13]    This court also requires compliance with Standing Order No. 12 which requires "Procedural Form B240, as promulgated from time to time (including in renumbered form) by the Director of the Administrative Office of the United States Courts, and as available on the Court's website," to be used to memorialize a reaffirmation agreement. The current applicable form bears the following identifying information: "Form 240A - Reaffirmation Agreement (1/07)."

[14]    However, it is the practice of this court to schedule the agreement for a hearing to test whether Section 524(c)(6)(B) applies on the facts presented (for example, to test the debt's fully secured status). *Cf. In re Roth,* 38 B.R. 531, 540 (Bankr. N.D. Ill.), *aff'd,* 43 B.R. 484 (N.D. Ill. 1984) (court approval is required to affirm the unsecured portion of the subject mortgage debt). *But cf. In re Phelan,* 257 B.R. 776 (Bankr. E.D. Va. 2000) (finding that "court advice" not "court approval" is required where *pro se* debtor reaffirms consumer debt that "appear[s] to be fully secured" by real property). The court expresses no opinion as to whether the Presumption under Section 524(m)(1) requires court action even if Section 524(c)(6)(B) would not.

[15]    That rule applies even if the Presumption does not arise (for whatever reason). The lack of the Presumption affects only the burden of proof under Section 524(c)(6)(A)(i) and does not preclude the court from finding an "undue hardship" if otherwise appropriate. In any event, the court nevertheless also must make the statutory finding/conclusion with respect to the Best Interest Test.

-13-

Douglas E. Wedge, *A Fully-Informed Decision: Reaffirmation, Disclosure and the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,* 79 Am. Bankr. L.J. 789, 806 (2005) ("*Wheeler & Wedge*") ("some ambiguity" as to whether a hearing is required).

If the Presumption arises under Section 524(m)(1), court action is required even if an Attorney Certification was filed with the agreement. *See* 11 U.S.C.A. § 524(m)(1) (West 2009) ("[The P]resumption *shall* be reviewed by the court." (emphasis added)); *see also Collier* ¶ 524.04[2], at 524-39 ("Under Section 524(m), . . . [when the Presumption arises] the court may also disapprove certain reaffirmation agreements in cases in which the debtor is represented by an attorney . . . ."). However, the court's obligation to "review" the Presumption may not require a hearing. *Compare Collier* 524.04[2], at 524-39 ("[A] hearing [on the Presumption] is not required in every . . . case.") *with Wheeler & Wedge, supra* at 809 ("An argument may be made that a hearing is not necessarily contemplated . . . . However, in the disclosures made to debtors in Part A of the reaffirmation package, debtors are alerted that the court will hold a hearing regarding a reaffirmation agreement if there is a presumption that the agreement poses an undue hardship . . . .").[16] However, whether or not the Presumption has arisen, any decision to disapprove a reaffirmation agreement may be made only after notice and a hearing. *See* 11 U.S.C.A. § 524(m)(1) (West 2009) ("No agreement shall be disapproved without notice and a hearing . . . .").

---

*See* 11 U.S.C. § 524(c)(6)(A)(ii).

[16]     In any event, this court always "reviews" the Presumption at a hearing on notice.

## D.    Timing Requirements

Section 524(m)(1) provides: "No agreement shall be disapproved without . . . a hearing . .

. and *such hearing shall be concluded before the entry of the debtor's discharge* [the "Section

524(m)(1) Deadline"]." 11 U.S.C.A. § 524(m)(1) (West 2009) (emphasis added).[17] On its face, the

Section 524(m)(1) Deadline applies only if (1) court action is required on the agreement and (2) that

court action would be negative (*i.e.*, a disapproval).

A second deadline is the Former Rule 4008 Deadline imposed by former Rule 4008. As set

forth above, Former Rule 4008 provided as follows: "Not more than 30 days following the entry

of an order granting or denying a discharge, . . . the court may hold a hearing as provided in § 524(d)

of the Code. A motion by the debtor for approval of a reaffirmation agreement shall be filed before

or at the hearing." Fed. R. Bankr. P. 4008 (West 2008).[18]

## E.    *In re Lemoine*

In *Lemoine, supra,* a discharge was issued in that case on January 15, 2008. The subject

reaffirmation agreement was filed postdischarge on January 18, 2008. The Presumption arose on

filing of the agreement (which was not rebutted in the Debtor's Statement in Support of

Reaffirmation Agreement (*see* 11 U.S.C. § 524(k)(6)) and no Attorney Certification was filed with

---

[17]     In this court, discharge does not enter for so long as reaffirmation proceedings remain
pending in the case. Accordingly, if the reaffirmation agreement was filed prior to discharge,
typically neither the Section 524(m)(1) Deadline nor the Former Rule 4008 Deadline is an issue.
However, dispositive action on the reaffirmation agreement (as in the Sember Case) removes the
administrative "block" on discharge and discharge will then enter (if otherwise appropriate).

[18]     *In re Lemoine* noted that the Former Rule 4008 Deadline was inconsistent with the
Section 524(m)(1) Deadline (at least to the extent that the Rule permitted negative court action to
be taken on a reaffirmation agreement after entry of discharge contrary to the Section 524(m)(1)
Deadline). *See Lemoine*, 384 B.R. at 50.

-15-

the agreement. The subject reaffirmation agreement was scheduled for a hearing on February 26,

2008. A Show Cause Order also was issued and scheduled for a hearing at the same time. The

creditor did not appear at the hearing and the debtor appeared only through counsel. The debtor's

counsel advised the court that the debtor was not contesting the Show Cause Order or otherwise

prosecuting the reaffirmation agreement. *Lemoine*, 384 B.R. at 50. On the facts thus presented, the

court struck the subject reaffirmation agreement from the record as untimely filed (*i.e.*, filed after

entry of discharge). *See id.* The court noted that the Former Rule 4008 Deadline also had not been

met (and no showing was made to justify retroactive extension of the same). *See Lemoine*, 384 B.R.

at 50 n.3.

In the *Lemoine* case, the subject reaffirmation would have been disapproved in any event

because the debtor had failed to personally appear at the Section 524(d) hearing. Moreover, the

Presumption had not been rebutted. However, the Section 524(m)(1) Deadline prevented the court

from disapproving the reaffirmation at a hearing concluded after discharge. Under the

circumstances, striking the reaffirmation agreement from the record in lieu of an untimely

disapproval was both appropriate and necessary.[19]

---

[19]     *In re Parker* (quoted in *Lemoine*) states: "The reaffirmation agreement must be filed
before the entry of the debtor's discharge, or it cannot be approved . . . ." *In re Parker*, 372 B.R.
835, 836 (Bankr. W.D. Tex. 2007). However, *Parker* goes on to state:

> Because this reaffirmation agreement *clearly represents an undue hardship which
> would have compelled the court to consider its disapproval under section 524(m)*,
> and because the reaffirmation agreement was filed too late for the court to discharge
> its statutory obligation, the court concludes that the reaffirmation agreement is
> untimely filed, *represents an undue hardship*, and so is not approved.

*Id.* at 837 (emphasis added). Thus, it appears that the *Parker* court was concerned about its inability
to *disapprove* a reaffirmation agreement filed after discharge, not a lack of ability to *approve* the
agreement.

## F.   Conclusions Based on the Foregoing

Based on the discussion set forth above, the court reaches the following conclusions with

respect to reaffirmation agreements filed after discharge. First, if no court action is required with

respect to the subject reaffirmation agreement, the Section 524(m)(1) Deadline is irrelevant and any

additional procedure (including a Show Cause Order) is unnecessary. Second, if court action is

required with respect to the subject reaffirmation agreement, the Section 524(m)(1) Deadline may

be relevant (because such court action ultimately may prove to be a disapproval) and a Show Cause

Order should be issued.[20] Third, if that court action is approval, then the Section 524(m)(1) Deadline

proved to be inapplicable. Accordingly, the Show Cause Order may be marked "off" and the subject

reaffirmation agreement may be approved. Fourth, only if the court action would be a disapproval

should the subject reaffirmation agreement be stricken from the record as untimely filed pursuant

to the Show Cause Order in lieu of an untimely disapproval.

## III.   APPLICATION OF LAW TO FACTS

### A.   Clark Case

As discussed above, the record of the Clark Hearing justified approval of the Clark

Reaffirmation Agreement. Accordingly, the Section 524(m)(1) Deadline is inapplicable.

However, as noted above, the Former Rule 4008 Deadline had not been satisfied (*i.e.*, the

Clark Hearing was convened too late). Nevertheless, the record of the Clark Hearing persuades the

court that the Clark Debtor for his part acted promptly and otherwise relied upon Sovereign to take

---

[20]      The court does not suggest that a Show Cause Order is the only proper procedural
vehicle to deal with this issue. For example, a carefully drafted notice of hearing on approval of the
reaffirmation agreement that also raises the possibility that the reaffirmation agreement may be
stricken from the record as untimely filed may suffice. However, at least at this time the court is
employing the show cause procedure.

timely action (*i.e.,* to file the agreement on a timely basis and to obtain a timely hearing). As noted

above, the Clark Debtor was not represented by counsel with respect to the Clark Reaffirmation

Agreement (although his chapter 7 counsel did perform a ministerial function with respect to the

reaffirmation agreement). To require a debtor in those circumstances to do more would be unjust.

Accordingly, the court finds the Clark Debtor's failure to satisfy the Former Rule 4008 Deadline

with respect to the Clark Reaffirmation Agreement was the product of "excusable neglect" within

the purview of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.[21] Consequently, the

court extends the Former Rule 4008 Deadline through the date of the Clark Hearing.

In light of all of the foregoing, the Clark Show Cause Order may be marked "off" and the

Clark Reaffirmation Agreement may be approved.

## B.    Pannone Case

As discussed above, the record of the Pannone Hearing justified approval of the Pannone

Reaffirmation Agreement. Accordingly, the Section 524(m)(1) Deadline is inapplicable,[22] the

Pannone Show Cause Order may be marked "off" and the Pannone Reaffirmation Agreement may

be approved.

## C.    Sember Case

As discussed above, the record of the Sember Hearing justified approval of the Sember

Reaffirmation Agreement. Accordingly, the Section 524(m)(1) Deadline is inapplicable. Moreover,

---

[21]    The equivalent of an oral Rule 9006(b)(1) motion was made at the Clark Hearing.

[22]    As discussed above, the Former Rule 4008 Deadline is not an issue in the Pannone
Case.

the Former Rule 4008 Deadline was satisfied. Therefore, the Sember Motion To Vacate may be granted and the Sember Reaffirmation Agreement may be approved.[23]

**D. Valenti Case**

As discussed above, the record of the Valenti Hearing justified approval of the Valenti Reaffirmation Agreement. Accordingly, the Section 524(m)(1) Deadline is inapplicable,[24] the Valenti Show Cause Order may be marked "off" and the Valenti Reaffirmation Agreement may be approved. The Valenti Motion for Relief may be denied as "moot."

**E. Karker Case**

As discussed above, the Presumption did not arise with respect to the Karker Reaffirmation Agreement and an Attorney Certification was filed with the agreement. Accordingly, no court action was (or is) required with respect to the Karker Reaffirmation Agreement. Therefore, neither the Section 524(m)(1) Deadline nor the Former Rule 4008 Deadline is relevant. The Karker Show Cause Order may be marked "off" (because its issuance was unnecessary).

**IV. CONCLUSION**

Separate marginal orders shall issue in each of the above-captioned cases consistent with the foregoing. It is **SO ORDERED.**

Dated: February 23, 2009                                    BY THE COURT

Loraine Murphy Weil

Lorraine Murphy Weil
United States Bankruptcy Judge

---

[23]     Sember Case Doc. I.D. No. 27 also may be granted.

[24]     As discussed above, the Former Rule 4008 Deadline is not an issue in the Valenti Case.

-19-